UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE DuPREE,

                Plaintiff,

      -against-

BEHAVIORALLY,

                Defendant.

24-CV-3597 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Astoria, Queens County, New York, filed this *pro se* action asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). She also brings claims under the Fair Labor Standards Act of 1938 ("FLSA") and state law. By order dated May 13, 2024, and entered May 14, 2024, the Court transferred this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey. (ECF 4.) Four days later, on May 17, 2024, Plaintiff filed a letter opposing the transfer of this action. (ECF 6.) In that letter, Plaintiff asserts the following:

> EEOC Investigator Mohammad Hassan issued the right-to-sue letter, specifying the U.S. District Courts in New York, where I physically worked and where jurisdiction over my charge lies, not New Jersey. I reside in New York and worked remotely from my New York apartment for the defendant, a New Jersey employer. There is no basis for transferring this case to the United States District Court for the District of New Jersey.

(*Id*. at 2.)

    The Court construes Plaintiff's letter as a motion for reconsideration under Local Civil Rule 6.3.[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also*

---

[1] Normally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action if the party seeking review acts to stay the transfer

*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including liberal construction of papers,] relaxation of the limitations on the amendment of pleadings, [leniency in the enforcement of other procedural rules, and] "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him.") (citations omitted). After reviewing Plaintiff's motion, the Court denies it.

## DISCUSSION

A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for a motion under Rule 59(e) of the Federal Rules of Civil Procedure and for a motion for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (commenting that such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling") (internal quotation mark and citations omitted).

---

"prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if " a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect"). Because Plaintiff filed her objection to the transfer order before this action was transmitted to the District of New Jersey, this Court has jurisdiction to consider the motion.

2

As stated in the transfer order, claims under Title VII may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). With respect to claims brought under the FLSA and state law, however, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because nothing in Plaintiff's complaint suggested that the alleged unlawful employment practices took place in the State of New York or that Defendant Behaviorally is a resident of State of New York, the Court determined that venue was not proper in this court under 42 U.S.C. § 2000e-5(f)(3) or Section 1391(b)(1), (2).[2] (ECF 4, at 2.) The Court further found that Plaintiff's claims arose in the State of New Jersey, where Defendant is also located, and therefore, venue was appropriate for the Title VII, FLSA, and state law claims in the District of New Jersey. The Court therefore transferred this action to the District of New Jersey under 28 U.S.C. § 1406(a).

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

Plaintiff asserts in the motion that because she resides in the State of New York and worked remotely in her apartment in Queens County, New York, that venue for this action was appropriate in this court. Based on Plaintiff's assertion that she was working remotely in Queens County when the alleged unlawful employment practices took place, this court and every other federal district court within the State of New York, may be proper venues for her Title VII claims. *See* § 2000e-5(f)(3). Because Defendant is located in New Jersey, where presumably the employment records are also located, the District of New Jersey is also an appropriate venue for Plaintiff's Title VII claims. *See id.*

Venue for Plaintiff's FLSA and state law claims, however, does not appear to be proper in this court. Because Defendant Behaviorally does not reside in this district and the alleged events giving rise to Plaintiff's claims occurred in either New Jersey, within the District of New Jersey, or in Queens County, New York, which is located within the United States District Court for the Eastern District of New York,[3] venue for the FLSA and state law claims is not proper in this court under Section 1391(b)(1) or (2). Rather, venue for those claims appears to be proper in both the District of New Jersey and the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[3] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c). The State of New Jersey constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110.

4

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer to the District of New Jersey was appropriate for this action. At least some of the alleged underlying events occurred in that district, which is where Plaintiff's employer is located. It is likely that relevant documents and other sources of evidence, including witnesses, are located in that judicial district. Moreover, Plaintiff's choice of forum in this court is afforded less weight because Plaintiff does not reside in the Southern District of New York, and the complaint does not allege any nexus to this judicial district. *Iragorri*, 274 F.3d at 72. Thus, in the interest of justice, it was appropriate for the Court to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the transferred action. Because the District of New Jersey is a proper venue for all of Plaintiff's claims, the Court denies Plaintiff's motion under Local Civil

Rule 6.3. The Court, however, amends the May 13, 2024 transfer order to indicate that this action is transferred to the District of New Jersey under 28 U.S.C. § 1404(a) instead of 28 U.S.C. § 1406(a).

## CONCLUSION

The Court construes Plaintiff's submission (ECF 6) as one seeking reconsideration under Local Civil Rule 6.3, and the Court denies the motion. The Court further amends the May 13, 2024 transfer order to indicate that this action is transferred to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a) instead of 28 U.S.C. § 1406(a). This action is closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 21, 2024
       New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge